[No. 6,692.—Department Two.]

## CELESTE RICHARDSON v. LEWIS P. SAGE.

ADMINISTRATOR — FRAUD — SALE OF REAL ESTATE—ESTATES OF DECEASED
PERSONS.—An administrator cannot be charged with the value of property
sold under an order of the Probate Court without proving gross negligence,
or fraudulent suggestion, or concealment on his part in obtaining the order
of sale.

APPEAL from a judgment for the defendant, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

*George W. Tyler*, for Appellant.

If an executor or administrator sells the real estate of the heir, and in getting the order of sale from the Court falsely asserts that the personalty is not sufficient to pay the debts and expenses of the estate, he is guilty of a fraud upon the heir, and is answerable to the heir for the value of the real estate so sold by him at the time of the commencement of the suit by the the heir against him. (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 62.)

*W. H. Patterson*, for Respondent.

MORRISON, C. J.:

It is alleged, in the complaint filed by the above plaintiff, that the defendant, as the administrator of the estate of one Anna Dubois, procured an order of the Probate Court, directing the sale of certain lands belonging to the estate, to pay the debts thereof, when there was sufficient personal property in the hands of the administrator to satisfy all existing claims against the estate. The averment is, that, " in consequence of the false and fraudulent representations and showings made by the defendant to the Court at the time of hearing the same, the Court was induced to, and did then and there, make an order directing the real estate of said estate to be sold." It appears from the facts found in the case, that after paying all the debts due, there remained in the hands of the administrator of the personal property the sum of $21.75, and that is the only circumstance in the case which *tends* to prove fraud on the part of the administra-

tor.   The case comes before us on the pleadings and findings of the Court below, and one of the findings is, " that it does not appear from the evidence that the defendant, as administrator, filed said petition for the sale of lots with intent to defraud said estate or the beneficiaries thereof, or that it was filed and presented otherwise than in good faith,   *   *   *   and that there was no actual or constructive fraud on the part of the defendant."

It appears from the final account, that the administrator had in his hands, of the personal assets, $21.75 more than was required to pay all the claims allowed against the estate.   But it should be remembered, that the petition for the sale of the real estate was filed in 1859, and the final account was rendered in 1875.   It is quite possible that the sum in the hands of the administrator at that time was the result of interest which had accumulated upon the money, and it may also be true that the expenses of administration may have been justly and honestly overestimated by the administrator in his petition for sale. There is nothing in the case to show that the surplus did not result in one or the other of these ways.

It does not appear that any false suggestion was made to the Court, with a view to influence its action ; but, on the contrary, it appears that the precise condition of the estate, so far as it was known to the administrator, was before the Court at the time the order of sale was made ; and the most that can be said, in reference to the action of the administrator in procuring the order, is, that he was *mistaken* as to a question of fact.   We are not prepared to say that he was *mistaken;* but conceding that he was, this fact does not of itself establish the charge of fraud.

Appellant relies upon a decision of Chancellor Kent in the case of *Hart* v. *Ten Eyck*, 2 Johns. Ch. 63, but an examination of the facts of that case will show a very different case from the one now under consideration.   It is there said :  " If an administrator omits to file an inventory of the goods of the deceased, pursuant to the statute, it is a strong circumstance in support of the charge of improper conduct."   It is not pretended that there was any such omission in this case.

" If an administrator exhibit an untrue account of the personal estate of the deceased, by which he fraudulently obtains

an order for the sale of the real estate, he must not only account for the personal effects omitted in his statement, but is amenable for the real estate sold, and that according to its value at the time of filing the bill against him."

In this case, the plaintiff, as an heir of Anna Dubois, is seeking to charge the administrator with the value of the property sold under the order of the Probate Court, without proving any fraud whatever on the part of the administrator. In the case of *Hart* v. *Ten Eyck,* referred to above, the Chancellor says: "I shall always be extremely averse to hold such characters (administrators and trustees) responsible on slight grounds, or where there is evidence of fair and upright intention. But if the facts necessarily lead to the conclusion that the administrator has been guilty of gross negligence, or of premeditated and fraudulent concealment and disposition of the estate of the infant, it will be equally my duty, however painful the performance of it, to animadvert upon such conduct with a freedom and severity due to truth and justice."

In the case now under consideration, there was no gross negligence or fraudulent suggestion or concealment, and upon the authority of the foregoing case, the administrator should not be charged with damages.

Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.